**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| S.H., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 14-cv-1317 (RDM) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**CONSENT MOTION TO APPROVE SETTLEMENT OF MINORS**

Plaintiffs, by and through their attorneys, and pursuant to Title 21, Section 120 of the D.C.

Code, move this Honorable Court to approve the settlement of three minors and, in support of the

same, state as follows:

1.      Plaintiffs commenced this civil rights action in August 2014, seeking compensatory

and punitive damages to redress violations of their rights stemming from an execution of a search

warrant in their home on April 18, 2013.  Plaintiffs alleged that the Defendant Metropolitan Police

Department (MPD) officers deliberately made false and misleading statements to obtain a warrant

to search their home and committed various constitutional violations while executing the warrant.

Plaintiffs further alleged that the warrant's lack of probable cause was the result of a policy,

pattern, and custom of such conduct by the MPD as a result of the MPD's failure to properly train

and supervise its officers.

2.      Plaintiffs S.H., S.B., and S.R., all minor children, were present in the home when

the MPD officers executed the search warrant.  Plaintiffs allege that S.H., who was 11 years old at

the time of the search, was taking a shower when a male MPD officer flung the shower curtain

open and pointed a loaded gun at her naked body.  Doc. 24, ¶¶ 70-72.  Plaintiffs allege the minor

children were detained on a couch while the MPD officers searched the home.  *Id.* at ¶ 74.

Plaintiffs allege that one of the defendant MPD officers told the family that S.B.'s father did not

care about them and suggested that the armed home invasion was only happening to them because

S.B.'s father was a bad man.  *Id.* at ¶ 76.  Plaintiffs further allege that the raid of the home was

traumatizing and humiliating to them.  *Id.* at 78.

3.      The Plaintiffs and Defendant District of Columbia have reached a final agreement

to settle Plaintiffs' claims for the amount of $75,000.00.

4.      $10,500.00 of the settlement will go to Sterling Harrison.  Plaintiffs allege that Mr.

Harrison, who was 19 years old at the time of the warrant execution, was peacefully playing video

games when MPD officers burst into the room, pointed guns at him, handcuffed him, and kept him

in handcuffs even after it was clear that he did not pose any threat.  *Id.* at ¶¶ 67-68.

5.      $42,000.00 of the settlement will go to Shandalyn Harrison.[1]  Shandalyn Harrison

is the mother of S.H., S.B., and S.R.  Plaintiffs allege that when Defendant MPD officers arrived

at the home, Ms. Harrison was watching television with two of her daughters.  *Id.* at ¶ 63.  She

was frightened when she heard her daughter screaming upstairs.  *Id.* at ¶ 73.  She spent days

laboring to clean her home following the execution of the warrant.  *Id.* at ¶ 75.

6.      Plaintiffs entered into a contingency fee arrangement with their attorneys, agreeing

that attorney's fees would be deducted from the settlement.  Attorney's fees for Equal Justice

Under Law total $22,500.00.[2]

---

[1] Ms. Harrison has set up a trust for her daughters and will divide her portion of the settlement equally among her three daughters and herself, totaling $10,500.00 for each minor child and $10,500.00 for Ms. Harrison.

[2] Plaintiffs' counsel Katherine Hubbard and Alec Karakatsanis left employment with Equal Justice Under Law during the pendency of this case and are now attorneys with the non-profit organization Civil Rights Corps.  Plaintiffs subsequently retained Civil Rights Corps to represent them.  Civil Rights Corps waives any claim to attorneys' fees in this matter.

7.      Title 21, Section 120(a) of the D.C. Code requires that settlement of actions involving minor children be approved by a judge of the court in which the action is pending.

8.      Because the net value of the money that is due directly from Defendant to the minor children does not exceed $3,000.00, a guardian is not required to be appointed pursuant to D.C. Code section 21-120(b).

9.      Pursuant to Local Rule 7(m), Plaintiffs' counsel has conferred with counsel for the Defendants, who have consented to the relief sought in this motion.

10.     Plaintiffs respectfully request that this Honorable Court approve the settlement entered into with Defendant District of Columbia with regard to the search warrant execution that occurred on June 7, 2013.

WHEREFORE; the Plaintiffs respectfully request that:

A.      The Motion to Approve Settlement of Minors be granted;

B.      the Settlement with Defendant District of Columbia with regard to each of the minor children be approved for $0;

C.      such other and further relief as the nature of the case may require.


Respectfully submitted,

/s/ Katherine Hubbard
Katherine Hubbard (DC Bar No. 1500503)
Premal Dharia (DC Bar No. 484091)
Civil Rights Corps
910 17th St NW, Suite 200
Washington, DC 20006
(202) 930-3835
katherine@civilrightscorps.org
premal@civilrightscorps.org

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Approve Settlement and the Proposed Order were forwarded electronically via CM/ECF this 3rd day of April, 2018 to:

Robert Deberardinis
Aaron Finkhousen
Assistant Attorneys General
Office of the Attorney General
441 Fourth Street, NW, Suite 630 South
Washington, D.C. 20001
Counsel for Defendants

/s/ Katherine Hubbard_____
Katherine Hubbard